[Cite as *State v. Urich*, 2019-Ohio-3138.]

| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | | |

| STATE OF OHIO | | C.A. No. 18CA0078-M |
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| RICHARD F. URICH | | WADSWORTH MUNICIPAL COURT COUNTY OF MEDINA, OHIO |
| Appellant | | CASE No. 17CRB00117 |

DECISION AND JOURNAL ENTRY

Dated: August 5, 2019

CARR, Judge.

{¶1} Appellant, Richard Urich, appeals the judgment of the Wadsworth Municipal Court. This Court affirms in part, reverses in part, and remands.

I.

{¶2} In 2017, Urich pleaded guilty to one count of violating a temporary protection order in the Wadsworth Municipal Court. In its May 24, 2017 sentencing entry, the trial court imposed a 180-day jail sentence, 160 days of which were suspended "on [the] condition [that Urich] have no contact with K.T. or her children, for 5 years either directly or indirectly." The trial court also ordered Urich to pay a $250 fine.

{¶3} On March 16, 2018, the trial court issued a journal entry ordering Urich to appear and show cause as to why he should not be held in contempt of the May 24, 2017 entry for disobeying the condition relating to K.T. and her children. The trial court's order specified that pursuant to R.C. 2705.05(A)(1), Urich could face a fine not exceeding $250 and a jail term of up

to 30 days. Urich denied the contempt and the matter proceeded to a hearing. After the hearing, the trial court found Urich in indirect criminal contempt and imposed a 30-day jail term, with 20 days suspended on the condition that he successfully complete anger management counseling.

{¶4} On appeal, Urich raises three assignments of error.

II.

## ASSIGNMENT OF ERROR I

MR. URICH'S CONVICTION FOR CONTEMPT OF COURT IS NOT SUPPORTED BY SUFFICIENT EVIDENCE.

{¶5} In his first assignment of error, Urich contends that there was insufficient evidence to support the trial court's contempt finding. This Court disagrees.

{¶6} The trial court found Urich in indirect contempt of the trial court's May 24, 2017 order that required him to refrain from contacting K.T.'s children. Because the jail sentence in this case was primarily aimed at punishing Urich, this matter involves indirect criminal contempt. *Petersheim v. Petersheim*, 9th Dist. Wayne No. 16AP0043, 2017-Ohio-8782, ¶ 12. "An action for indirect criminal contempt must be proven beyond a reasonable doubt." *Maynard v. Elliot*, 9th Dist. Lorain No. 02CA008067, 2002-Ohio-5260, ¶ 8, citing *Midland Steel Prods. Co. v. U.A.W. Local 486*, 61 Ohio St.3d 121, 127 (1991). Moreover, the intent to defy the court is an essential element of indirect criminal contempt. *Midland Steel Prods.* at 127. When reviewing the sufficiency of the evidence, this Court must review the evidence in a light most favorable to the prosecution and decide whether such evidence, if believed, would convince the average mind that the essential elements of the charge have been proven beyond a reasonable doubt. *State v. Jenks*, 61 Ohio St.3d 259, 279 (1991).

{¶7} The evidence presented at the contempt hearing showed that Urich and K.T. were involved romantically in 2016. Shortly after the couple broke up, K.T. obtained a civil

protection order against Urich. When Urich violated the civil protection order in 2017, the trial court suspended the majority of his jail sentence on the condition that he have no contact with K.T. or her children "either directly or indirectly" for a period of five years. In March 2018, K.T.'s son, Z.W., received a "wave" from Urich on Facebook Messenger. The message contained an image of a waving hand and a comment that stated, "Rich is waving at you! Tap to wave back[.]" The message was linked to a photograph of Urich, indicating that it came from his Facebook account. K.T. testified that Facebook Messenger allows users to either send messages or send any number of emojis, such as a wave.[1] Around that same time, K.T received a series of strange phone calls, some in the middle of the night, where the caller would stay on the line but not say anything. Z.W. telephoned his mother and informed her about the contact. He also sent a screenshot depicting Urich's use of the wave function. K.T. and Z.W. contacted the Wadsworth police and reported the incident. Urich acknowledged that the wave came from his account but he claimed "it was just an accident." Urich suggested that Z.W. may have been in his Facebook Messenger contacts because they communicated on that platform prior to the circumstances that gave rise to the civil protection order. Urich indicated that he did not use any of the locking mechanisms on his phone and that, on multiple occasions, he had inadvertently "waved" at people on Facebook Messenger.

{¶8}    At the conclusion of the contempt hearing, the trial court found that while the phone calls could not be linked to Urich, "the evidence clearly show[ed] that Rich Urich waved at [Z.W. on Facebook Messenger.]" The trial court further found that the State demonstrated beyond a reasonable doubt that the communication was intentional.

---

[1] K.T. testified that the wave function on Facebook Messenger replaced the former "poke" button.

{¶9} In support of his assignment of error, Urich contends that the State failed to prove that he intended to violate the contempt order by reaching out to one of K.T.'s children. Urich maintains that "[e]ven if the circumstantial evidence shows that the Facebook wave had come from [his] phone, the evidence does not rise to the level of proof showing that [he] intended to defy a court order beyond a reasonable doubt."

{¶10} In light of the evidence presented at the hearing, Urich's sufficiency argument is without merit. Urich acknowledged that he sent a wave to Z.W. on Facebook Messenger, a platform on which he had communicated with Z.W. previously. The State presented evidence that the wave function is set up to require an affirmative act by the sender. Though Urich contends that the communication was inadvertent and resulted from his failure to lock his phone, this Court is required to view the facts in the light most favorable to the prosecution. *Jenks*, 61 Ohio St.3d at 279. Under these circumstances, where the State presented evidence that Urich contacted Z.W. on Facebook Messenger in violation of the May 24, 2017 sentencing entry, Urich cannot prevail on his sufficiency argument.

{¶11} The first assignment of error is overruled.

### ASSIGNMENT OF ERROR III

THE TRIAL COURT IMPROPERLY PLACED THE BURDEN OF PROOF BEYOND A REASONABLE DOUBT UPON MR. URICH.

{¶12} In his third assignment of error, Urich contends that the trial court improperly placed a burden of proof on him at the hearing. Urich stresses that while he merely contested the allegation that he intentionally violated the trial court's order, the trial court employed an improper legal standard when it required him to prove beyond a reasonable doubt that the contact was inadvertent. This Court agrees.

{¶13}  At the conclusion of the hearing, the trial court discussed its reasoning for finding Urich in contempt.  Specifically, the trial court stated, "So I see this as a deliberate attempt to just let [Z.W.] know, hey, I'm still out here.  That's how I view this.  And I think beyond a reasonable doubt that's what they've established."  Significantly, however, the trial court continued, "[Though] [y]ou've claimed it's inadvertent, I tend to believe that you have not established, beyond a reasonable doubt in my mind, that it was inadvertent."

{¶14}  Under these circumstances, we are compelled to sustain Urich's assignment of error.  In cases of criminal contempt, the defendant is presumed innocent and he or she must be proved guilty beyond a reasonable doubt.  *Petersheim* at ¶ 17.  Here, the trial court, at least in part, based its contempt finding on its determination that Urich failed to prove beyond a reasonable doubt that he contacted Z.W. inadvertently on Facebook Messenger.  Accordingly, as the trial court improperly shifted the burden of proof to the defendant, the trial court's contempt finding must be reversed.

{¶15}  The third assignment of error is sustained.

## ASSIGNMENT OF ERROR II

MR. URICH'S CONVICTION FOR CONTEMPT OF COURT IS AGAINST
THE MANIFEST WEIGHT OF THE EVIDENCE.

{¶16}  In his second assignment of error, Urich contends that the trial court's contempt finding was against the manifest weight of the evidence.  This Court's resolution of Urich's third assignment of error is dispositive of this appeal.  Accordingly, we decline to address Urich's manifest weight challenge as it has been rendered moot.  *See* App.R. 12(A)(1)(c).

III.

{¶17}  Urich's first assignment of error is overruled.  The third assignment of error is sustained.  This Court declines to address the second assignment of error as it has been rendered

moot. The judgment of the Wadsworth Municipal Court is affirmed in part, reversed in part, and the cause remanded for further proceedings consistent with this decision.

Judgment affirmed in part,<br>
reversed in part,<br>
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Wadsworth Municipal Court, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed equally to both parties.

DONNA J. CARR
FOR THE COURT

CALLAHAN, P. J.
SCHAFER, J.
CONCUR.

APPEARANCES:

PATRICK S. LEARY, Attorney at Law, for Appellant.

THOMAS J. MORRIS, Assistant Director of Law, for Appellee.